IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES GORDON MEEK<br><br>*Defendant*. | Case No. 1:23-cr-65 |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR EARLY DISCLOSURE DEADLINES AND USAO DISCOVERY AND MOTION FOR ENTRY OF STANDARD DISCOVERY ORDER

The defendant moves the court to order the government to provide access to the evidence in this case at the United States Attorney's Office (USAO), as opposed to the Federal Bureau of Investigation (FBI), and to set early deadlines for any government expert disclosures and Federal Rule Evidence 404(b) notice. For the reasons discussed below, the defendant's motion should be denied. The government also moves for the entry of the District's standard discovery order in this case.

**Defense Access to Evidence**: The first time the government heard that defense counsel wanted to review evidence at the USAO, with his own computer in tow, was when he filed his motion. The government has since contacted defense counsel and offered to make the evidence available at the USAO and to provide the defense counsel with an option for taking notes on his computer. As of this filing, the parties appear to be working towards a mutually feasible way to facilitate defense counsel's preferred location and methods of review. There is no need for the court to intervene in basic logistical coordination that the parties can arrange themselves.

Of course, defense counsel will necessarily remain under certain restrictions in light of the government's need to maintain control over child sexual abuse material. If the proposed arrangements do not work for the defendant, the government is willing to consider reasonable alternatives. However, the defendant is not entitled to unlimited and unrestricted access to evidence containing child sexual abuse material. His motion should be denied.

**Discovery Dates**: The defendant seeks an order compelling the government to provide any expert disclosures 30 days before trial (June 5) and any 404(b) notice 20 days before trial (June 15). Under the defendant's proposed timeline, expert notices would be due the business day following the motions hearing. Under this district's standard discovery order, attached here as Attachment A, *both parties'* expert disclosures would be due June 12 (15 business days prior to trial), while any 404(b) notice would be due June 20 (10 business days prior to trial). Of the four days between June 15 and June 20, three are weekends and/or holidays.[1]

The defendant claims he needs time beyond what is provided for in the standard discovery order because the evidence must be reviewed at the USAO. But this is standard practice in every case involving child sexual abuse material and is adequately accounted for in the standard discovery order. Moreover, pursuant to the defendant's request, the government has already identified the specific files it alleges may constitute CSAM, allowing the defense team to begin its investigation of the "technical information relating to CSAM materials, the devices they are stored on, how and where they are stored, when they were created, and other such details" that the defendant claims requires additional time. ECF No. 54 at 3.

---

[1] Again, the first the government learned about the defendant's concerns about dates was when he filed his motion. The government had previously provided the standard discovery order to defense counsel, who declined to sign it, citing only general concerns about Rule 16 discovery deadlines (that have now passed) unrelated to expert disclosures.

The government moves for the entry of the standard discovery order, attached as Attachment A, in this case. The defendant has identified nothing unique about his case that would require deviation from the District's standard discovery order negotiated and agreed to by the Federal Public Defender's office and the USAO and routinely entered by the District's judges in criminal cases throughout the district. Moreover, unlike the defendant's one-sided proposal, the standard discovery order sets reasonable, fair, and balanced deadlines establishing *both* parties' obligations. It is also comprehensive, addressing the majority of the key dates that arise before trial and thus preventing piecemeal litigation over pretrial deadlines.

For the reasons stated above, the defendant's motion filed at ECF No. 54 should be denied and the government's motion for entry of the discovery order should be granted.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: \_\_\_\_\_/s/_____
Zoe Bedell
Assistant United States Attorney
Whitney Kramer
Special Assistant United States Attorney (LT)
United States Attorney's Office
2100 Jamieson Ave.
Alexandria, Virginia 22314
Phone: 703-299-3700
Email: zoe.bedell@usdoj.gov